UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL COLEMAN, | No.  2:25-cv-2239 CKD P |
| Plaintiff, | |
| v. | ORDER |
| WALLACE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking monetary damages pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  On August 29, 2025, plaintiff's complaint was dismissed with leave to amend.  Plaintiff filed an amended complaint on October 29, 2025.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Plaintiff's amended complaint must be

/////

1

dismissed.  However, the court will grant plaintiff one final opportunity to state a claim upon which he can proceed.

Plaintiff's amended complaint and other filings are not entirely decipherable because of plaintiff's poor handwriting and confusing allegations.  In his second amended complaint and any future filings, plaintiff must write legibly and coherently.

Plaintiff is reminded that in order to state a claim upon which he can proceed, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  To this end, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations such as those plaintiff makes against the Warden of California State Prison, Sacramento are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges he has been retaliated against for speech or conduct protected under the First Amendment.  Prison officials generally cannot retaliate against inmates for exercising First Amendment rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct, Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012), which he does not do in his amended complaint.

In his second amended complaint, plaintiff cannot violate joinder rules.  Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different

/////

2

defendants.  Simply put, plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A.

In order to state a cognizable claim for violation of due process during things such as custody classification level hearings, plaintiff must allege facts which suggest that he was deprived of a protected liberty interest.  Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484 (1995).  Plaintiff has not alleged that he has suffered atypical and significant hardship as a result of a change in his classification level.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  February 25, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cole2239.14(2)

3